NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0314n.06
Filed: May 7, 2007

No. 06-3948

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHARLES BURNESON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| T H I S T L E D O W N , I N C . and | ) | NORTHERN DISTRICT OF OHIO |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| TEAMSTERS, LOCAL 436, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: DAUGHTREY and GIBBONS, Circuit Judges; and SCHWARZER, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Plaintiff-appellant Charles Burneson filed this hybrid § 301 action against his former employer Thistledown, Inc. ("Thistledown") and the International Brotherhood of Teamsters, Local 436 (the "Union"). The district court granted defendants' motions for summary judgment, finding that Burneson's failure to avail himself of the contractual remedies provided for in the Collective Bargaining Agreement ("CBA") that governed his employment relationship with Thistledown precluded his pursuit of a hybrid § 301 action in federal court. We agree with the district court and affirm.

---

[*]The Honorable William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

1

## I.

Burneson's suit arises from the termination of his employment with Thistledown in July of 2004. On July 9, 2004, Burneson was suspended from work pending an investigation into an alleged altercation that occurred between him and another Thistledown employee. In a July 16, 2004, telephone conversation, a Thistledown official informed Burneson that its investigation was complete and also of its decision to terminate Burneson. Thistledown also sent a letter to Burneson dated July 16, 2004, confirming the information conveyed over the phone and informing him that notice of his termination was sent to John Banno, Business Agent for the Union. After leaving a number of messages for Banno, Burneson spoke with Banno on July 26, 2004. During their conversation, Burneson claims that he was told by Banno that there was little that could be done because Burneson failed to take the appropriate procedural steps to challenge his suspension and termination. According to Burneson, in making this statement, Banno was operating under the erroneous understanding that the time for Burneson to file a grievance with respect to his suspension and termination had expired.

At no time did Burneson file a grievance in accordance with the procedures set forth in Article 8 of the CBA, a fact he does not dispute. Instead, Burneson filed the instant hybrid § 301 action alleging violations of the Labor Management Relations Act. In his suit, he alleged both that Thistledown violated the terms of the CBA in its suspension and termination of his employment and that the Union breached its duty of fair representation in handling his dispute with Thistledown. Following motions by the defendants, the district court granted summary judgment to both, noting that Burneson's failure to exhaust his contractual remedies proved fatal to his hybrid § 301 claim. Burneson subsequently appealed.

## II.

2

This court reviews the grant of summary judgment *de novo*. *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). Summary judgment will be affirmed if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). If, on the other hand, "a reasonable jury could return a verdict for the non-moving party," summary judgment for the moving party is inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the district court's decision, this court draws all justifiable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

As the district court properly noted, a hybrid § 301 plaintiff is barred from bringing suit in federal court unless that plaintiff has first sought relief through grievance procedures provided for under the CBA governing his or her employment. *See Garrish v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005). The Supreme Court has identified at least three exceptions to the exhaustion requirement: (1) where the employee can demonstrate that the employer has repudiated the very contractual provisions governing the grievance procedure; (2) where the union, in processing the employee's grievance has breached its duty of fair representation, *see Vaca v. Sipes*, 386 U.S. 171, 185-86 (1967); and (3) where proceeding through the grievance process would be "futile," *see Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324, 330 (1969).

### III.

Burneson first argues that exhaustion of the CBA grievance process was not required because the procedure only operates upon Thistledown's proper termination of an employee under section 8.01

of the CBA. Burneson alleges that he was not given the required hearing prior to his suspension and termination as contemplated by that section. Thistledown's alleged breach of the CBA, argues Burneson, excuses his failure to invoke the grievance process. Burneson's argument lacks merit.[1] Section 8.03 of the CBA provides, "[a] grievance shall be any complaint, controversy, dispute or other grievance . . . arising between the Employer and . . . any employee or employees concerning the questions of interpretation or application of the terms, conditions, and provisions of the Agreement. . . ." Notwithstanding Burneson's argument to the contrary, there is no language of exclusion in section 8.01. That section simply provides that should a hearing fail to resolve a dispute, the grievance procedure will govern its resolution. Burneson's purported construction effectively reads section 8.03 out of the CBA and interprets section 8.01 in a manner that is simply not plausible.

Though Burneson concedes that he never filed a grievance of any kind, he asserts that he is excused from the exhaustion requirement because the Union breached its duty of fair representation in its handling of his dispute with Thistledown. Burneson points to a number of acts and omissions on the part of the Union and its officials that he asserts would justify our finding that the Union breached its duty of fair representation: (1) the Union did not provide him with a copy of the CBA *prior* to his requesting it, nor did any official explain to him his rights and obligations under the CBA; (2) Banno erroneously told him that there "wasn't a whole lot that [he] could do" and that Burneson "didn't go through the proper steps"; (3) the Union failed to provide him with information regarding

[1]Independent of its merits, Burneson's failure to raise this argument before the district court creates a formidable hurdle. *See, e.g.*, *Perez v. Oakland County*, 466 F.3d 416, 430 (6th Cir. 2006) ("We do not consider an argument raised for the first time on appeal unless the party shows that refusal to consider the argument would result in a miscarriage of justice.").

4

the processing of a grievance in a timely fashion and failed to assist him with the filing of said grievance; and (4) the Union did not investigate his discharge by Thistledown.[2]

To prove a breach of the duty of fair representation, Burneson "must demonstrate that the union's actions or omissions during the grievance process were arbitrary, discriminatory, or in bad faith." *Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 (6th Cir. 2003) (citing *Vaca*, 386 U.S. at 190). Burneson suggests that the Union acted in bad faith and in a discriminatory manner, but he provides no support for these assertions. As the district court noted, Burneson's ignorance of the grievance procedures is no excuse for his failure to comply with the requirements. *Cf. Rogers v. Bd. of Educ. of Buena Vista Schs.*, 2 F.3d 163, 167 (6th Cir. 1993) (noting that in the context of mandatory internal union appeals by employees seeking to reinstate a grievance, "[s]imple ignorance is no excuse for failure to exhaust"). He has never claimed that the Union prevented him from filing a grievance or that he was denied the opportunity to do so.[3] Burneson simply never filed a grievance, and he now wishes to excuse his failure to file his grievance by relying upon conclusory, unsupported allegations that the Union breached its duty of fair representation. The blame for Burneson's failure to exercise his rights under the CBA rests squarely on his shoulders, and his claim that he need not have exhausted

---

[2]Burneson does not claim that Thistledown repudiated the grievance provisions contained in the CBA, nor does he argue that resort to these grievance procedures would have been "futile." Thus, the only exception to the exhaustion requirement that Burneson argues is applicable in this case involves his claim that the Union breached its duty of fair representation.

[3]While Burneson does argue that Banno erroneously told him that there was little that could be done to assist him because he had not timely filed his grievance, Burneson does not allege that Banno or the Union purposefully misled him. Even assuming that Banno was incorrect when he expressed his opinion that the time for Burneson to grieve his dispute with Thistledown had passed, a mere mistake on the part of Banno hardly suffices to establish Burneson's claim that the Union acted in bad faith or in a discriminatory manner. Moreover, "ordinary mistakes, errors, or flaws in judgment" do not establish that a union has acted in a arbitrary manner. *Garrison*, 334 F.3d at 538.

his contractual remedies prior to seeking relief in federal court is not well-taken.  Accordingly, the district court properly granted summary judgment in favor of the defendants.

IV.

For the foregoing reasons, we affirm.